IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARDS LIFESCIENCES LLC AND<br>EDWARDS LIFESCIENCES PVT, INC.,<br><br>Plaintiffs<br><br>v.<br><br>MEDTRONIC COREVALVE LLC,<br>MEDTRONIC CV LUXEMBOURG<br>S.A.R.L., MEDTRONIC VASCULAR<br>GALWAY LTD., MEDTRONIC, INC.,<br>AND MEDTRONIC VASCULAR, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 12-023-GMS |

**MEDTRONIC'S MOTION FOR A NEW TRIAL<br>OR ALTERNATIVELY TO AMEND OR ALTER THE JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 59, defendants Medtronic CoreValve LLC, Medtronic CV Luxembourg S.A.R.L., Medtronic Vascular Galway Ltd., Medtronic Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic") hereby move for a new trial, or alternatively, move to alter or amend the judgment (the "Motion"). The grounds for this Motion, as more fully set forth in Medtronic's opening brief in support of the Motion, are as follows:

1. For all the reasons outlined in Medtronic's motion for judgment as a matter of law, the verdict of liability was against the clear weight of the evidence.

2. The jury instruction regarding the claim term "frame" was erroneous and prejudicial in that it instructed the jury on a meaning of the claim term that is inconsistent with the plain language of the claim, the teaching of the patent, and which this Court itself has said "appears erroneous and misguided."

3. The Court improperly excluded evidence and argument that the CoreValve device, with its tissue valve and internal skirt, cannot be compressed so as to be delivered through an arterial introducer that is 5.7 mm or less into the patient's vasculature using a catheterization technique.

4. The Court improperly excluded evidence regarding Edwards' own factual admissions in foreign proceedings regarding related patents to the patent-in-suit, including Edwards' admissions that the CoreValve product cannot fit into an arterial introducer that is less than 6.0 mm and admissions that the asserted claims require the entire prosthetic valve assembly, including the frame, the valvular structure and the internal cover, to be collapsible to 5.7 mm or less. Evidence of such prior admissions was relevant and admissible to defend against Edwards' allegations of infringement and willful infringement.

5. The Court improperly excluded evidence and argument that the asserted claims are not enabled because there is no teaching of a prosthetic valve assembly, including the frame, valvular structure and internal cover, that can be delivered through an arterial introducer that is 5.7 mm or less.

6. The Court improperly precluded Medtronic from arguing at closing that the patent did not enable the full scope of the claim, which included the entire range of 5.7 mm or less.

7. The Court improperly excluded evidence of undue experimentation, including evidence that Dr. Cribier, along with engineers at his direction, struggled for over 13 years to develop a valve that could be delivered through an introducer that is 5.7 mm or less.

8. The Court improperly excluded evidence that showed that Medtronic's continued access sales are exempt from infringement pursuant to 35 U.S.C. § 271(e).

9. The damages award is unsupported by the evidence, warranting a new trial or remittitur of the damages award. Alternatively, the judgment must be altered or amended to (1) reduce the damages award by $103 million which are not lost profits of any named party; (2) reduce the damages award by $107 million because Edwards did not prove infringement pursuant to § 271(f); and (3) alter or amend the judgment to remedy any overlap of damages from previous litigation between the parties.

OF COUNSEL:
Martin R. Lueck
Jan M. Conlin
Stacie E. Oberts
Munir R. Meghjee
Andrew D. Hedden
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
(612) 349-8500

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Dated: February 12, 2014

/s/ David M. Fry
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., Medtronic Vascular Galway Ltd., Medtronic, Inc., and Medtronic Vascular, Inc.*